IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANIE M. VALENTIN, | ) Case No. 4:25-CV-0021 |
|     Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|     Defendant. | ) **MEMORANDUM OPINION & ORDER** |

On January 7, 2025, Plaintiff Janie M. Valentin ("Valentin"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB). ECF Doc. 1. The Court referred the case to Magistrate Judge Jennifer Dowdell Armstrong for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). Magistrate Judge Armstrong recommends the Court affirm the decision of the Commissioner. ECF Doc. 14. Valentin has asserted one objection to the R&R: that the administrative law judge ("ALJ") failed to properly consider the impact of Ms. Valentin's bowel impairments on her work-related activities.

The Court has reviewed the record, the R&R and Ms. Valentin's objection. ECF Doc. 15. Because the Commissioner's decision to deny DIB was supported by substantial evidence and adequately explained, the Court overrules Ms. Valentin's objection and adopts Magistrate

Judge Armstrong's R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

## I. Background

Ms. Valentin filed an application for DIB on May 19, 2021, alleging a disability onset date of January 23, 2020. ECF Doc. 6 at 286. Her claims were denied initially and upon reconsideration. ECF Doc. 6 at 95-96. She then requested a hearing before an administrative law judge. ECF Doc. 6 at 157. Ms. Valentin and a Vocational Expert ("VE") testified before an ALJ on April 13, 2022. ECF Doc. 6 at 36. After the hearing, the ALJ issued a decision finding Ms. Valentin was not disabled, but the Appeals Council remanded his decision for further evaluation of prior administrative medical findings. ECF Doc. 6 at 128. On September 13, 2023, the ALJ conducted a second hearing at which Ms. Valentin and a different VE testified. ECF Doc. 6 at 59. On November 22, 2023, the ALJ again found Ms. Valentin was not disabled in a written decision. ECF Doc. 6 at 14. Of relevance here, the ALJ did not incorporate any impairments related to Ms. Valentin's frequent need for bathroom breaks into Ms. Valentin's RFC. *See* ECF Doc. 6 at 25.

The Appeals Council denied Ms. Valentin's request for review of the ALJ's November 22, 2023 decision, making the hearing decision the final decision of the Commissioner. ECF Doc. 6 at 1. Ms. Valentin filed this action on January 7, 2025. ECF Doc. 1.

## II. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that

2

term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

3

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III. Law & Analysis

Ms. Valentin argues that Magistrate Judge Armstrong erred in finding that the ALJ properly explained his reasoning for not incorporating Ms. Valentin's bowel impairments in her RFC. The Court had conducted a *de novo* review and agrees with MJ Armstrong that there is substantial evidence in the record to support the ALJ's RFC and that he built a logical bridge between the evidence and the RFC.

Ms. Valentin contends that the ALJ should have incorporated an increased need for bathroom breaks into her RFC. First, the Court believes that using the restroom 5-6 times a day would not preclude a large percentage of jobs in the national economy. Secondly, a claimant's RFC is an administrative determination reserved to the Commissioner, not to this Court. *See* 20

C.F.R.§ 416.927(d)(2); *Golden v. Berryhill,* No. 1:18CV00636, 2018 U.S. Dis. LEXIS 220584, at *48 (N.D. Ohio Dec. 12, 2018)*, report and recommendation adopted sub nom,* 2019 U.S. Dist. LEXIS 16537 (N.D. Ohio Feb. 1, 2019).  "[T]he ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Golden*, 2018 U.S. Dist. LEXIS at *47.  However, "[i]t is plaintiff's burden to prove the severity of her impairments, and to provide evidence establishing her RFC." *Lumpkin v. Comm'r of Soc. Sec.*, No. 1:20-CV-1849, 2021 U.S. Dist. LEXIS 206819, at *9 (N.D. Ohio Oct. 27, 2021).

Here, when the ALJ's decision is considered as a whole, it adequately addresses Ms. Valentin's reported need to use the bathroom 5-6 times a day. *See Taylor v. Kijakazi*, No. 1:20-cv-01121, 2021 U.S. Dist. LEXIS 187645 at *21 (N.D. Ohio Sept. 30, 2021).  The ALJ acknowledged Ms. Valentin's testimony that she experienced diarrhea four to five times per day. ECF Doc. 6 at 23.  The ALJ noted that Ms. Valentin reported no colitis-related complaints during a gastrointestinal consult in October 2021; that a November 2021 endoscopy showed only moderate erosive gastritis; and that Ms. Valentin reported improvements in her symptoms during a 2022 follow-up visit.  ECF Doc. 6 at 26-27.  Earlier, at Step Two, the ALJ found that Ms. Valentin's colitis did not equal a listing because she had not required surgical invention and because the condition had not caused marked limitations in her daily, social, or attentive functioning.  ECF Doc. 6 at 20.  The ALJ concluded that Ms. Valentin's colitis, combined with her other impairments, warranted precluding her from exposure to extraordinary hazards and limiting her to simple work performed at a non-production rate pace, but that additional limitations were not warranted.  ECF Doc. 6 at 27-28.  He ultimately found that the record did not support the frequency or severity of Ms. Valentin's colitis symptoms.  ECF Doc. 6 at 27.

The Court agrees with MJ Armstrong that there was substantial evidence supporting this decision and that the ALJ adequately explained the basis for his decision.

The fact that there is evidence in the record which could have supported a different finding does not change the outcome of Ms. Valentin's case.  "The Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *see also Anderson v. Comm'r of Soc. Sec.,* No. 1:21-CV-1471, 2022 U.S. Dist. LEXIS 177950, at *5 (N.D. Ohio Sept. 29, 2022) ("it is also well-established that as long as the ALJ cites substantial, legitimate evidence to support the conclusion reached, the reviewing court may not second-guess that decision").  While the evidence on which Ms. Valentin relies could possibly have supported a more-restrictive RFC, substantial evidence also supports the ALJ's conclusion.  For this reason, the Court is required to affirm the Commissioner's decision.

### IV.   Conclusion

For the reasons discussed above, the Court overrules Ms. Valentin's objection to the R&R, which is hereby adopted.  Because the Commissioner's decision to deny DIB is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: October 8, 2025            *s/Dan Aaron Polster*
                                  United States District Judge